UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


DARRON HARRIS (#390301)

VERSUS                                              CIVIL ACTION

DANNY WILLIAMS, ET AL                               NUMBER 07-954-JVP-SCR

## NOTICE

   Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
   In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

   ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

   Baton Rouge, Louisiana, April 29, 2008.

                                    STEPHEN C. RIEDLINGER
                                    UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DARRON HARRIS (#390301)

VERSUS                                                    CIVIL ACTION

DANNY WILLIAMS, ET AL                       NUMBER 07-954-JVP-SCR

MAGISTRATE JUDGE'S REPORT

Before the court is the defendant's Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim Upon Which Relief Can Be Granted.  Record document number 24.  The motion is not opposed.[1]

Pro se plaintiff, an inmate confined at Hunt Correctional Center, St. Gabriel, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Danny Williams, Dr. John Prejean, Lt. Col. Brock and Billy Netterville.[2]  Plaintiff amended his complaint to add Maj. Wanda Matthews, Col. Timothy Sea and Maj. Escue as defendants.[3]  Plaintiff alleged that the defendants violated his

---

[1] Because the defendants' arguments have been addressed by this court previously in other prisoner civil rights suits, there is no need for the plaintiff to respond to the motion or to delay the issuance of the magistrate judge's report.

[2] Defendant Netterville was identified as "Nellyville" in the original complaint.

[3] An order directing the United States Marshal to serve the defendants with the amended complaint was issued on March 4, 2008. There is no evidence in the record that the defendants have been
(continued...)

constitutional rights by failing to protect him from being sexually assaulted while he is sleeping. In his amended complaint, the plaintiff alleged that he was issued false disciplinary reports in retaliation for filing an administrative grievance regarding the alleged sexual assaults.

Defendants Dr. Prejean, Lt. Col. Brock and Netterville moved to dismiss the original complaint for failure to state a claim upon which relief can be granted under to Rule 12(b)(6), Fed.R. Civ. P.

### A. Failure to State a Claim

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

Under Rule 8(a)(2), Fed.R.Civ.P., a complaint must only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, — U.S. —, —, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the ground upon which it

---

³(...continued)
served with the amended complaint.

rests." *Id*. (quoting *Bell Atl. Corp. v. Twombly*, — U.S. —, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007).[4]

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson*, 127 S.Ct. at 2200; *see also Twombly*, 127 S.Ct. at 1965. "A document filed *pro se* is to be liberally construed ... and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 127 S.Ct. at 2200 (citations omitted).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S.Ct. at 1974. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 1965 (quotation marks, citations, and footnote omitted).

---

[4] *Twombly* held that in some cases a plaintiff must plead particular facts in his complaint. 127 S.Ct. at 1965. In *Erickson*, decided two weeks after *Twombly*, the Supreme Court clarified *Twombly* by holding that a prisoner bringing a § 1983 claim against prison officials is not required to state specific facts in his complaint; *Erickson*, 127 S.Ct. at 2200, and *Twombly* itself, 127 S.Ct. at 1973 n.6., suggests that the holding in *Twombly* may be limited to cases likely to produce "sprawling, costly, and hugely time-consuming" litigation. This case involves a § 1983 claim with a narrow range of factual disputes, not a complex suit likely to produce sprawling discovery. Accordingly, this case is governed by the Supreme Court's decision in *Erickson*.

3

### 1. Eleventh Amendment Immunity

Asserting Eleventh Amendment immunity, these defendants sought dismissal of the plaintiff's claims against them insofar as the plaintiff sued them in their official capacity.

The distinction between personal and official capacity suits was clarified by the U.S. Supreme Court in *Hafer v. Melo, et al*, 502 U.S. 21, 112 S.Ct. 358 (1991). A suit against a state official in his official capacity is treated as a suit against the state. *Id.*, 502 U.S. at 25, 112 S.Ct. at 361, *citing Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 3105 (1985). Because the real party in interest in an official-capacity suit is the governmental entity and not the named individual, the "entity's `policy or custom' must have played a part in the violation of federal law." *Graham, supra*, at 166, 105 S.Ct. at 3105.

Personal capacity suits, on the other hand, seek to impose individual liability upon a government officer for actions taken under of color of state law. A showing that the official, acting under color of state law, caused the deprivation of a federal right is enough to establish personal liability in a § 1983 action. *Hafer*, 502 U.S. at 25, 112 S.Ct. at 362.

*Will v. Michigan Department of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989), makes it clear that the distinction between official-capacity suits and personal-capacity suits is more than a

4

"mere pleading device."  An officer sued in his personal capacity comes to court as an individual.  However, a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official capacity actions for prospective relief are not treated as actions against the state. *Will*, 491 U.S. at 71, 109 S.Ct. at 2311, n. 10, *quoting Kentucky v. Graham*, 473 U.S. at 167, 105 S.Ct. at 3106, n. 14.

Therefore, the plaintiff may recover money damages against the defendants insofar as the defendants were sued in their individual capacity for actions taken by them under color of state law which caused the deprivation of the plaintiff's constitutional rights. Insofar as the plaintiff sought prospective injunctive relief against the defendants in their official capacity, his official capacity claim is also actionable under § 1983.

### 2.   Qualified Immunity

Defendants argued that they are entitled to qualified immunity because their conduct did not violate any of the plaintiff's clearly established constitutional or statutory rights of which a reasonable person would have known.

A state official sued in his individual capacity for damages may assert a qualified immunity defense. *Procunier v. Navarette*, 434 U.S. 555, 561, 98 S.Ct. 855, 859 (1978).  This immunity is defeated if the official violated clearly established statutory or constitutional rights, of which a reasonable person would have

5

known.  *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738 (1982).  In assessing the applicability of a qualified immunity defense, the court must first determine whether the plaintiff has asserted a violation of a clearly established right at all.  *Siegert v. Gilley*, 500 U.S. 226, 111 S.Ct. 1789 (1991).  If the court determines that there was a violation of a right secured by the Constitution, then it must determine whether the defendant could have reasonably thought his actions were consistent with the rights he is alleged to have violated.  *Anderson v. Creighton*, 483 U.S. 635, 638, 107 S.Ct. 3034, 3038 (1987).  The protections afforded by the qualified immunity defense turn on the "objective legal reasonableness" of the defendant's conduct examined by reference to clearly established law.  *Id*., at 639, 107 S.Ct. at 3038.  The court does not ascertain solely whether the law was settled at the time of the defendant's conduct, but rather, when measured by an objective standard, a reasonable officer would have known that his conduct was illegal.  Even if a defendant's conduct actually violates a plaintiff's constitutional right, the defendant is entitled to qualified immunity if the conduct was objectively reasonable.  *Duckett v. City of Cedar Park, Texas*, 950 F.2d 272 (5th Cir. 1992), *citing Pfannstiel v. City of Marion*, 918 F.2d 1178, 1183 (5th Cir. 1990); *Melear v. Spears*, 862 F.2d 1177 (5th Cir. 1989); *Matherne v. Wilson*, 851 F.2d 752 (5th Cir. 1988).

A prison official may be held liable under the Eighth

Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970 (1994). The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference. *Id*.

To state a valid claim for retaliation under § 1983, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his exercise of that right, (3) a retaliatory adverse act, and (4) causation. *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003); *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999).

Prison officials cannot act against a prisoner for availing himself of the courts and attempting to defend his constitutional rights. *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir.), *cert. denied*, 516 U.S. 1084, 116 S.Ct. 800 (1996). In order to state a claim of retaliation an inmate must establish that but for the retaliatory motive the complained of incident would not have occurred. *Id*. The inmate must prove direct evidence of motivation or, he must allege a chronology of events from which retaliation may plausibly be inferred. *Id*.

Plaintiff alleged that the defendants failed to protect him

7

from being sexually assaulted while confined to his cell. Plaintiff further alleged that he was issued false disciplinary reports in retaliation for filing an administrative grievance regarding the sexual assaults.

At the time of the alleged incident, the duty of prison officials to protect a prisoner from violence at the hands of others was clearly established. *Farmer v. Brennan*, 511 U.S. at 833, 114 S.Ct. at 1976. Additionally, the right to be free from retaliation for filing an administrative grievance was clearly established. *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003) (to establish a retaliation claim, an inmate must show a specific constitutional right, the defendant's intent to retaliate against the prisoner for his exercise of that right, a retaliatory adverse act, and causation).

Defendants argued that the plaintiff's allegations are insufficient to establish that they were deliberately indifferent to the plaintiff's safety because the plaintiff "has never had a cell mate and no officer who works on his cell block has opened his cell door for other inmates to enter."[5]

Apparently recognizing that the plaintiff failed to allege any facts which would support their argument, the defendants urged the court to look outside the allegations of the complaint and consider information contained in the record of the Administrative Remedy

---

[5] Record document number 24, supporting memorandum, p. 11.

Procedure (ARP).[6]  Defendants argued that because the ARP record is a public record and the court may take judicial notice of it, the results of the ARP may be considered without converting their Rule 12(b)(6) motion to a motion for summary judgment.[7]

Defendants unsupported argument that the ARP record is a public record is unpersuasive.[8]  Defendants did not cite any federal or state law which classifies prison administrative records as public records.  None of the cases the defendants relied upon involved a Louisiana prison administrative grievance proceeding.  Cases from other jurisdictions are not binding authority for the proposition that in Louisiana prison Administrative Remedy Procedure records are classified as public records.

Plaintiff has alleged enough facts to state a claim to relief

---

[6] The Secretary for the Louisiana Department of Public Safety and Corrections filed a certified copy of the results of the Administrative Remedy Procedure in response to an order issued by the court. Record document number 7.  Prior to the Supreme Court's decision in *Jones v. Bock*, ___ U.S. ___, 127 S.Ct. 910 (2007), the plaintiff's ARP record was examined to determine whether the plaintiff exhausted available administrative remedies.

[7] Record document number 24, supporting memorandum, p. 11, n. 53.

[8] Counsel for these defendants, and other counsel employed by the Louisiana Department of Justice, have made the same argument in numerous prisoner civil rights suits in this court regarding consideration of prison disciplinary records and ARPs.  The argument has been repeatedly rejected.  Counsel for the defendants has not presented any new, cogent argument to support a different result.

that is plausible on its face, i.e. a claim upon which relief can be granted.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the defendant's Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim Upon Which Relief Can Be Granted be denied.

Baton Rouge, Louisiana, April 29, 2008.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE